UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

January 31, 2019

Hamilton Law Firm
Ayesha Hamilton, Esq.
13 Roszel Road
Building C, Suite 226
Princeton, NJ 08540
*Counsel for Plaintiffs*

Norton Rose Fulbright US LLP
Felice B. Galant, Esq.
1301 Avenue of the Americas
New York, NY 10019
*Counsel for Defendant*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:  Albany County Fasteners, et al. v. Epicor Software Corporation
      Civil Action No. 18-17214 (SDW) (LDW)**

Counsel:

Before this Court is Defendant Epicor Software Corporation's ("Defendant" or "Epicor") Motion to Dismiss Plaintiffs Albany County Fasteners and Raw Products Corporation's (collectively, "Plaintiffs") Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, or alternatively, to stay this action pending completion of arbitration. (ECF No. 5.) This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Venue is proper pursuant to 28 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Rule 78. For the reasons discussed below, Defendant's Motion to Dismiss is **GRANTED**.

### I.   BACKGROUND & PROCEDURAL HISTORY[1]

On January 9, 2018, the parties entered into a Master Customer Agreement (the "Agreement"). (Compl. ¶¶ 4, 10, ECF No. 1-1.) Pursuant to the Agreement, Defendant would

---

[1] This Court assumes the parties' familiarity with the factual background and procedural history in this matter and thus will only summarize those facts relevant to the instant motion.

customize, and provide access to and support for a software package and integrate same with Plaintiffs' existing software and online systems. (*Id.* ¶ 11.) Among other things, Plaintiffs allege that despite being promised a "live launch date of no later than July 2018[,]" (*id.* ¶ 17), "[t]o date, . . . [Plaintiffs] do not have access to or support for the . . . software nor have they been provided with the connections needed[,]" (*id.* ¶ 50).

On or about November 16, 2018, Plaintiff filed a four-count Complaint in the Superior Court of New Jersey, Middlesex County, Law Division alleging: fraud (Count One); breach of contract (Count Two); and violations of N.J. Stat. Ann. § 12A:2-313 (Count Three) and N.J. Stat Ann. § 12A:2-314 (Count Four). (*See generally* Compl.) Defendant removed the suit to this Court on December 14, 2018. (ECF No. 1.) On December 21, 2018, Defendant filed the instant Motion to Dismiss the Complaint, or alternatively, to stay this action pending completion of arbitration.[2] (ECF No. 5.) Plaintiffs opposed on January 8, 2019, and Defendant replied on January 15, 2019. (ECF Nos. 6-7.)

## II. STANDARD OF REVIEW

"The FAA federalizes arbitration law and 'creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate[.]'" *John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 136 (3d Cir. 1998) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983)). Courts are authorized to compel arbitration "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." 9 U.S.C. § 4. Motions to compel arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Tech., Inc. v. Commc'n Workers of Am.*, 475 U.S. 643, 650 (1986).

When deciding a motion to compel arbitration, a court must ascertain whether "(1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that agreement." *Aetrex Worldwide, Inc. v. Sourcing for You Ltd.*, 555 F. App'x 153, 154 (3d Cir. 2014) (quoting *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009)). To conduct this inquiry, the court shall apply "ordinary state-law principles that govern the formation of contracts." *Kirleis*, 560 F.3d at 160 (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

## III. DISCUSSION

Defendant's motion is predicated on the following provisions within the Agreement:

> **17. Dispute Resolution** . . . in the event of any dispute, claim, or controversy arising out of, relating to, or in connection with this Agreement (whether based in contract, in tort, upon a statutory provision, or otherwise), including, without limitation, the

---

[2] Defendant has filed a statement of claim with the American Arbitration Association in Austin, Texas against Raw Products Corporation d/b/a Albany County Fasteners for breach of contract. (Def.'s Moving Br. at 2, ECF No. 5.)

2

formation, performance, breach, termination, enforcement, interpretation or validity thereof (a "**Dispute**"):

**17.1 Negotiation/Mediation.** Customer and Epicor will first attempt to resolve the Dispute through confidential negotiation either through negotiations between designated executives with authority to resolve the Dispute, or if mutually agreed, through confidential mediation, utilizing a mutually agreeable mediator.

**17.2 Arbitration.** If Customer and Epicor are unable to resolve the Dispute in accordance with Section 17.1 the Dispute shall be fully and finally settled through arbitration administered pursuant to the rules and in the location designated in the Additional Dispute Resolution provision set forth on the signature page to these Terms before a single arbitrator. Any award rendered in such arbitration proceedings will be executory, final, and binding on each of the parties. . . .

**1. <u>Choice of Law: Additional Dispute Resolution.</u>** Except as otherwise provided herein, the internal laws of the State of Texas govern this Agreement. Any arbitration under the Section headed "Dispute Resolution" in the Terms will be administered by AAA pursuant to its Commercial Arbitration Rules and Mediation Procedures, in a location selected by the party initiating the arbitration. The parties acknowledge that this Agreement evidences a transaction involving interstate commerce. Notwithstanding any provisions herein with respect to applicable substantive law governing this Agreement, the agreement to arbitrate and any arbitration conducted pursuant thereto shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq*. Each party submits to the non-exclusive jurisdiction and venue of the state or federal courts located in Travis County, Texas, for purposes of permitted applications of injunctive or other permitted relief, and for any litigation ancillary to arbitration, including without limitation, litigation or to compel arbitration or enforce an arbitral award. Each party waives right to jury trial in connection with any Dispute.

(Agreement, Galant Decl. Ex. A, ECF No. 5-3 at 11, 15.)

      Though the Agreement is not attached to the Complaint, it is referenced throughout same. Thus, as a threshold matter, this Court will apply the Rule 12(b)(6) standard in deciding the instant motion because arbitrability is "apparent, based on . . . documents relied upon in the complaint[.]" *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013) (internal quotation marks omitted); *see also Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("We now hold that a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.").

A. Choice of Law

In diversity cases, federal courts apply the choice-of-law rules of the forum state, which in this case is New Jersey. *See Collins v. Mary Kay, Inc.*, 874 F.3d 176, 183 (3d Cir. 2017). "[O]rdinarily, when parties to a contract have agreed to be governed by the laws of a particular state, New Jersey courts will uphold the contractual choice." *Id.* at 183-84 (*quoting Instructional Sys., Inc. v. Comput. Curriculum Corp.*, 614 A.2d 124, 133 (N.J. 1992)).

In the instant matter, two corporations agreed that "the internal laws of the State of Texas govern [their] Agreement." (Agreement at 15); *see, e.g.*, *Glob. Empire Corp. v. Flower Tech Ctr., Inc.*, No. 18-8795, 2018 WL 6829086, at *3 (D.N.J. Dec. 21, 2018) (upholding a choice-of-law provision between "two sophisticated commercial entities" that "agreed at arm's length to be bound by the laws of Alberta, Canada"). As such, this Court will adhere to the parties' choice-of-law provision.

B. Validity of Arbitration Agreement

Under Texas law, "an arbitration agreement does not have to assume any particular form, [but] the language of the agreement must clearly indicate the intent to arbitrate." *Aldridge v. Thrift Fin. Mktg.*, 376 S.W. 3d 877, 883 (Tex. App. 2012) (quoting *Bates v. MTH Homes-Texas, L.P.*, 177 S.W. 3d 419, 422 (Tex. App. 2005)). Here, Section 17 of the Agreement provides that if the parties are unable to resolve their dispute through negotiation or mediation, it "shall be fully and finally settled through arbitration." (Agreement at 11.) Furthermore, the provision refers to the Agreement's "Additional Dispute Resolution" provision, which states that "[e]ach party waives [sic] right to jury trial in connection with any Dispute." (*Id.* at 15.) Based on the plain language of the Agreement, the parties entered into a valid agreement to arbitrate their disputes.[3]

C. Scope of Arbitration Agreement

Plaintiffs do not dispute the scope of the dispute resolution provisions. Indeed, Section 17 broadly applies to "any dispute, claim, or controversy arising out of, relating to, or in connection with" the Agreement. (Agreement at 11.) Plaintiffs' claims, all sounding in contract, tort, and statutory law, fall within the scope of the Agreement's dispute resolution provisions, and thus, are subject to arbitration.

---

[3] Plaintiffs' reliance on *Atalese v. U.S. Legal Servs. Grp., L.P.*, 99 A.3d 306 (N.J. 2014) to argue otherwise is misplaced. In *Atalese*, the Supreme Court of New Jersey held that an agreement was unenforceable because its wording did not "clearly and unambiguously signal to the plaintiff that she was surrendering her right to pursue her statutory claims in court." 99 A.3d at 316. Even if New Jersey law applied here, the facts of this case are distinguishable from those in *Atalese*, which "involved a 'consumer contract' and not a commercial contract among businessmen." *Victory Entm't, Inc. v. Schibell*, No. A-3388-16T2, 2018 WL 3059696, at *8 (N.J. Super. Ct. App. Div. June 21, 2018); *see also Columbus Circle NJ LLC v. Island Constr. Co., LLC*, No. A-1907-15T1, 2017 WL 958489, at *3 (N.J. Super. Ct. App. Div. Mar. 13, 2017). Here, Plaintiffs are sophisticated, commercial entities, not naïve consumers. They voluntarily signed the Agreement and are bound by its provisions.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**.[4] An appropriate Order follows.

/s/ Susan D. Wigenton<br>
SUSAN D. WIGENTON, U.S.D.J

Orig: Clerk
cc: Parties
    Leda Dunn Wettre, U.S.M.J.

---

[4] This Court declines to address Plaintiffs' allegations of fraudulent inducement because they pertain to the Agreement as a whole, as opposed to the arbitration clause specifically. *In re J.W. Res. Expl. & Dev., Inc.*, No. 07-09-0189-CV, 2009 WL 2601567, at *3 (Tex. App. Aug. 25, 2009) (noting that such determinations are left to arbitrators). Likewise, whether Defendant was required to resolve disputes through mediation before proceeding to arbitration is also an issue for an arbitrator to decide. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84-85 (2002) ("[P]rocedural questions which grow out of the dispute and bear on its final disposition are presumptively *not* for the judge, but for an arbitrator, to decide." (internal quotations and citations omitted)).